PATTIE REEDS, Executrix of Estate of JAMES G. REEDS, Respondent, v. GEORGE A. LEE *et al.*, Appellants.

St. Louis Court of Appeals, January 21, 1896.

1. **Justices of the Peace**: SUFFICIENCY OF STATEMENT OF CAUSE OF ACTION. In ordinary actions begun before justices of the peace, all informalities in pleadings are disregarded, provided the complaint is sufficient to advise the defendant of the claim and to bar another action.

2. **Contract, Breach of**: MEASURE OF DAMAGES. A vendor of paint, which was intended for the painting of a house, guaranteed that it would comply with representations made by him, and agreed that, in case of its failure to do so, he would repaint the house. *Held*, that if, on notice of such failure, he refused to repaint the house, the vendee to whom the guarantee was made could have the repainting done and recover the reasonable cost thereof as his damages.

3. **Instructions**: DEFINITION OF TERMS USED. The meaning of ordinary words contained in instructions need not be explained to the jury, when they are used in their usual or conventional sense. This rule is applied in this cause to the word, guarantee.

*Appeal from the Pike Circuit Court.*—HON. REUBEN F. ROY, Judge.

AFFIRMED.

*J. H. Blair & Son* for appellants.

*J. D. Hostetter* and *E. W. Major* for respondent.

BIGGS, J.—This action originated before a justice of the peace. Omitting the caption, the complaint is as follows:

"Plaintiff says that, during the spring of 1893, the defendants furnished paint with which his house was painted under a guaranty that the paints so furnished by them would stand for the term of five years, and, in

case said paint failed to stand during that time, they agreed to repaint the house.

"Plaintiff says that the paint so furnished by defendants was of such inferior quality that it failed to stand for as much as the space of one year, and that the paint so changed in color, and faded and became spotted to such an extent as to make repainting of the house a necessity, and defendants refused to repaint after being requested so to do by plaintiff when said paint had failed, so that plaintiff was compelled to have same repainted at his own cost; and by reason of the premises plaintiff has been damaged in the sum of $25, for which sum he prays judgment."

On a trial in the circuit court, where the case had been taken by appeal, the plaintiff's evidence tended to prove that he purchased of defendants a brand of paint known as "The Sherman and Williams paint," which was used by him in painting a house; that the purchase was made under an oral contract or guaranty that the paint would "stand" for the term of five years, that is, "that it would not spot, chalk off, change color, crack, or peel off," and that, in case it failed to fill the terms of the guaranty, the appellants would repaint the house. The evidence tended to prove further that within six months after the paint was used it began to spot, change color, chalk off, crack, and peel off; that the plaintiff called the attention of the defendants to the condition of the house and requested them to have it repainted, which they refused to have done; and that, subsequently, the plaintiff had the work done at a cost of $25, which was a reasonable price. The assignments do not require any special reference to the evidence of the defendants. It is sufficient to say that the defendants denied the alleged guaranty, or that they were in any manner liable in the action.

Complaint is made of the admission of any evidence. The foundation of this assignment is that the complaint is vague, indefinite, and uncertain, and that it fails to state a cause of action. Pleadings in actions begun before justices of the peace are informal, and in ordinary actions all informalities are disregarded, provided the complaint is sufficient to advise the defendant of the nature of the claim, and bar another action. Under this rule the complaint here must be held to be good. Some of the particular objections urged against its sufficiency would be worthy of consideration, had the pleading been filed originally in a court of record, where the technical rules of pleading are applied.

The defendants demurred to the plaintiff's evidence upon the alleged ground that he had sold the house before he had it repainted. The evidence is not quite clear whether the house was sold before or after it was repainted. But it does appear, at least by fair inference, that during the negotiations for the sale the plaintiff agreed with the purchaser to have the work done.

The reasonable cost of repainting the house was fixed by the court as the measure of the damages. This was correct. According to the plaintiff's evidence it was agreed that, if the paint did not come up to the representations, the matter was to be adjusted by the defendants having the house repainted. If they refused after notice of the breach of the guaranty to do this, the plaintiff's only remedy was to have the work done, and its reasonable cost would necessarily be the measure of his damage.

Another objection to the instruction is that it enlarged or broadened the issue. The language of it is: "And that defendants would guarantee that said paint would stand for five years and would not spot, chalk off, change color, crack or peel off," etc. This instruction was proper. The plaintiff's evidence was

to the effect that the defendants stated first that they would guarantee the paint to "stand" for five years, and, when asked by the plaintiff as to their meaning, they replied that they would warrant the paint "not to spot, chalk off, change color, crack or peel off."

It is also charged that the court committed error in failing to instruct the jury as to the meaning of the word "guarantee," as used in the foregoing instruction. It is the rule that the meaning of ordinary words, when used in their usual or conventional sense, need not be explained to the jury. *Warder v. Henry*, 117 Mo. 530. That the word "guarantee" was used by the court in that sense, that is, as synonymous with the words agree, stipulate, or contract, is apparent. The jury could not have failed to grasp its meaning.

Finding no error in the record, the judgment of the circuit court will be affirmed. All the judges concur.